FILED          ENTERED
LODGED          RECEIVED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DEC 1 8 2002

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

DAVID L. LOPEZ                    :

                                 :

v.                               :    Civil Action WMN-02-3155

                                 :

EXXON MOBIL CORPORATION          :

                                 :

### MEMORANDUM

Before the Court is Plaintiff's Motion to Remand.  Paper No. 9.  The motion is opposed.  Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Plaintiff's motion will be granted.

Plaintiff has moved to remand this action to the Circuit Court for Baltimore City on the ground that the removal was untimely.  Defendant concedes that the notice of removal was not filed within 30 days of its receipt of the complaint, as required under 28 U.S.C. § 1446(b).  Defendant argues, however, that when Plaintiff granted it an extension of time to respond to the complaint, that this extension encompassed the option to file a notice of removal beyond that 30 day period.

The Court need not determine whether the time for removal prescribed in 28 U.S.C. § 1446(b), is mandatory or susceptible to waiver by agreement,[1] as the Court finds that the parties'

---

[1] Were the Court to reach this issue, it would not appear that the time can be extended by agreement of the parties, or even by order of the state court.  See Bertrand v. Vingan, 899



agreement was not as broad as Defendant would characterize it.
On August 29, 2002, counsel for Defendant sent a letter to
Plaintiff's counsel confirming a telephone conversation in which
Plaintiff's counsel "agreed to extend the date for ExxonMobil <u>to</u>
<u>answer</u> the captioned lawsuit."  Motion to Remand, Exh. C
(emphasis added).  Plaintiff's counsel responded to that letter
by stating, "[y]our client may certainly have until October 1,
2002 <u>to answer</u> the Complaint."  <u>Id.</u>, Exh. B (emphasis added).
Thus, there is no indication that either party was contemplating
an extension of time for removal, and the Court will not infer
one.

        This action will be remanded.  A separate order will issue.


                                    _____
                                    William M. Nickerson
                                    Senior United States District Judge

Dated: December **18** , 2002.


_____

F.Supp. 1198, 1199 (S.D.N.Y. 1995) ("An extension of time to
plead by an order of the court beyond date when pleadings would
be due does not extend time for removal under a federal
statute.").